# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ANTHONY BARNETT, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) CAUSE NO.: 3:10-CV-157-TLS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |
| Respondent. | ) |

## OPINION AND ORDER

The Petitioner, Anthony Barnett, filed a Pro Se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] on April 26, 2010, challenging his June 24, 2003, conviction and sentence by the Floyd Superior Court for burglary, battery, and intimidation, and his adjudication as an habitual offender, for which he received an aggregate sentence of eighty years. The Petitioner submits that he has recently discovered new claims on which he has not yet exhausted his state court remedies, and has filed two motions asking that this case be stayed "while he presents his unexhausted claim to the Indiana Courts." (Verified Pet. for Leave to Stay and Abeyance of Habeas Corpus Pet. 1, ECF No. 25; Supplemental Verified Pet. for Leave to Stay and Abeyance of Habeas Corpus Pet. 1, ECF No. 27.) The Respondent has not responded to the Petitioner's requests for a stay, nor objected to a stay of this Petition.

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 697–98 (7th Cir. 1997). Accordingly, a petitioner should present all of his claims in one habeas petition. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a court has discretion to stay rather than dismiss the habeas petition of a petitioner who has potentially

meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). As the Supreme Court stated in *Rhines*:

> . . . it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278.

In his second motion for a stay, the Petitioner states that ground seven of his habeas petition "was based on his State Appellate Counsel's failure to argue on Transfer to the Indiana Supreme Court, that a juror lied during voir dire, after this same counsel had argued the issue in the Indiana Court of Appeals." (Supplemental Verified Pet. for Leave to Stay 2.) The Petitioner asks for a stay of these proceedings "[s]o he can present this issue . . . to Indiana's highest Appellate Courts." (*Id.*)

The claim that a juror lied during *voir dire* and the fact that his attorney did not include this issue in his petition for transfer to the Indiana Supreme Court, after having raised it on direct appeal, is not a newly discovered ground. The Petitioner was aware of these facts at the time he filed his petition for post-conviction relief, and he gives the Court no reason why he did not present this claim to the state courts in his petition for post-conviction relief. Because the Petitioner has not shown good cause for his failure to exhaust this issue in his first request for state collateral review, the Court will deny his request for a stay while he attempts to present it to the state courts.

In his first motion for a stay, the Petitioner states that one of the exhibits he presented

during his post-conviction proceedings was not included in the appellate record, that he has since discovered a copy of the missing exhibit, and that he now wishes to return to state court to present the facts contained in that exhibit to the state courts. (Verified Pet. for Leave to Stay 2.) The record before the Court does not suggest that the Petitioner is engaged in intentionally dilatory litigation tactics on this claim. The Respondent has not contested this motion to stay and, based on the record before it, the Court cannot say that the Petitioner has failed to show good cause for his failure to exhaust this claim. Neither does the record before the Court indicate that this claim is clearly lacking in merit.

If the Petitioner had time to refile his petition for writ of habeas corpus after exhausting his unexhausted claim, then dismissal without prejudice rather than a stay of his habeas petition might be appropriate. Accordingly, the Court must consider whether the statute of limitations would preclude the Petitioner from refiling his petition after completing exhaustion.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year from the latest occurring of four events: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal, created by the state, has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for that period "during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

The record before the Court establishes that the Petitioner was found guilty of the charges against him and was sentenced on June 24, 2003. (Chronological Case Summ. 8–10, ECF No. 18-1.) The Indiana Court of Appeals affirmed the Petitioner's conviction on September 29, 2004 (Mem. Decision, ECF No. 18-4), and the Indiana Supreme Court denied transfer on November 9, 2004 (Online Docket 3–4, ECF No. 18-2). The Petitioner filed a petition for post-conviction relief on September 26, 2005. (Chronological Case Summ. 12.)[1] On September 24, 2008, the trial court denied the petition. (Floyd County Order, ECF No. 18-6.) The Indiana Court of Appeals affirmed the denial of state post-conviction relief on December 22, 2009 (Mem. Decision, ECF No. 18-12), and the Indiana Supreme Court denied transfer on March 11, 2010 (Online Docket 6–7, ECF No. 18-7). The Petitioner filed his petition for habeas corpus relief with the Clerk of this Court on April 21, 2010.[2]

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of *certiorari* has passed. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the United States Supreme] Court affirms a conviction on the

---

[1] The Petitioner stated in his petition for writ of habeas corpus that he filed his petition for post-conviction relief on September 26, 2004 (Petition 1, ECF No. 1), but the state trial court's docket establishes that his petition for post-conviction relief was filed a year later on September 26, 2005.

[2] The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court. Here, the Petitioner "declare[s] under penalty of perjury . . . that this Petition for Writ of Habeas Corpus was signed and placed in the prison mailing system on 4/21/2010." (Petition 5.) Accordingly, giving the Petitioner the benefit of the mailbox rule, the Court construes his petition as having been filed on April 21, 2010.

merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The Petitioner's AEDPA statute of limitations began to run on February 8, 2005, ninety-one days after the Indiana Supreme Court denied transfer on his direct appeal on November 9, 2004.[3] His petition for post-conviction relief, filed on September 26, 2005, tolled the statute of limitations. At that time, 230 days had passed since the conviction became final. The statute of limitations commenced running again when the Indiana Supreme Court denied his petition to transfer on his petition for post-conviction relief on March 11, 2010. The Petitioner filed his petition for writ of habeas corpus before this Court on April 21, 2010, by which date 271 days of his AEDPA statute of limitations had expired.

Because "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," *Rhines*, 544 U.S. at 274–75, the statute of limitations in this case expired on July 26, 2010, 135 days after it began to run again on March 11, 2010. Unless the Petitioner submitted a request for state court collateral review of this claim before July 26, 2010, his statute of limitations has now expired. The Petitioner does not indicate that he did so. Accordingly, failure to grant a stay of this petition would effectively end any chance at federal habeas review for the Petitioner on the unexhausted claim he raises in his Verified Petition for Leave to Stay [ECF No. 25].

Under *Rhines*, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA."

---

[3] Because the ninetieth day after the Indiana Supreme Court denied him transfer fell on a Sunday, Barnett had until the following Monday within which to file a petition for writ of certiorari to the United States Supreme Court.

*Rhines*, 544 U.S. at 277. "[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. Furthermore, district courts "should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed." *Id.* (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

For the foregoing reasons, the Court:

1) DENIES the Petitioner's Supplemental Verified Petition for Leave to Stay and Abeyance of Habeas Corpus Petition [ECF No. 27]; GRANTS the Petitioner's Verified Petition for Leave to Stay and Abeyance of Habeas Corpus Petition [ECF No. 25]; and STAYS this petition for writ of habeas corpus pending exhaustion of state court remedies on the claims presented in the Verified Petition, ECF No. 25;

2) CONDITIONS the stay on the Petitioner's pursuing state court remedies within thirty days after the stay is entered, and on his returning to federal court within thirty days after he has exhausted his state court remedies; and

3) ADVISES the Petitioner that he should notify this Court when he has exhausted his state court remedies on his unexhausted claim and is ready to proceed with this petition.

SO ORDERED on April 6, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION