UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ANTHONY BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-157-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petitioner's Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 86] and the Petitioner's Second Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 89], filed by counsel on September 30, 2015, and October 1, 2015, respectively. Also before the Court is the Respondent's Motion for an Extension of Time to Comply With the Conditional Writ of Habeas Corpus [ECF No. 88], filed on September 30, 2015. For the reasons stated in this Opinion and Order, the Court grants the Respondent an additional 30 days to comply with the conditional writ of habeas corpus, and therefore, denies the Petitioner's Motions.

**BACKGROUND**

On November 20, 2012, the Petitioner filed an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 39] challenging his 2003 Floyd County convictions for burglary, battery, intimidation, and an adjudication that he is an habitual offender, for which he received an aggregate eighty year sentence. On July 2, 2013,

the Court issued an Opinion and Order [ECF No. 53] denying the Petitioner's Amended Petition; and on July 23, 2014, the Petitioner filed an appeal.

The Seventh Circuit then issued an Order [ECF No. 70-1] vacating the judgment of this Court and remanding the case in light of *Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013), which was decided subsequent to the Court's ruling. Specifically, the Seventh Circuit directed the Court to consider "whether [the Petitioner's] appellate attorney rendered ineffective assistance for not raising on appeal a claim that the State's second amendment to his charges, which added two counts for burglary and intimidation, was error." (7th Cir. Order, ECF No. 70-1 at 1.)

In light of *Shaw*, the Court issued an Opinion and Order [ECF No. 84] on June 1, 2015, conditionally granting, in part, the Petitioner's Amended Petition Under 28 U.S.C. § 2254. As to the Petitioner's relief, the Court stated the following:

> [T]he Petitioner is entitled to a new direct appeal. The State can decide whether to release the Petitioner or grant him a new direct appeal with the assistance of counsel. If the State has not granted him leave to file a new direct appeal within 120 days of this Order, the Petitioner must be released. If he is granted a new direct appeal, nothing in this Opinion and Order limits what issues counsel may raise in that appeal. Therefore, habeas corpus relief will be conditionally granted.

(Opinion & Order, ECF No. 84 at 12.) The Court then issued the following directive: "[w]ithin 120 days of this Order, the State must either release the Petitioner or grant him leave to file a new direct appeal with the assistance of counsel." (*Id.* 13.)

On September 30, 2015, the Petitioner filed a Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 86]. In his Motion, the Petitioner reiterated that, pursuant to the Court's Order, "the State must either release the Petitioner or grant him leave to file a new direct appeal" within 120 days, or by September 29, 2015. According to the Petitioner, as of September 30, 2015, "[t]he State of Indiana has not given [the

2

Petitioner] leave to file a new direct appeal, nor has the State released [the Petitioner], who is still incarcerated at the Indiana State Prison in Michigan City, Indiana." (Pet'r's Mot. 1.) The Petitioner further noted that the Respondent has not filed a request seeking an extension of time to comply with the Court's Order. Accordingly, the Petitioner asked the Court to "make the writ absolute" and to order the Petitioner's immediate release.[1] (*Id.* 2.)

On the same day, the Respondent filed a Response [ECF No. 87] in which he objected to the Petitioner's Motion. According to the Respondent, he construed the Court's Order "as requiring the state courts to grant [the] Petitioner a new appeal upon [the Petitioner's] request," (Resp. 2), and that as of September 30, 2015, the Petitioner had not filed a request with the state court to file a new direct appeal. Notwithstanding, the Respondent attached an exhibit showing that on September 30, 2015, the State of Indiana filed on the Petitioner's behalf a motion with the Court of Appeals of Indiana seeking leave to file a new direct appeal. (State's Verified Motion to Grant Defendant Leave to File a New Direct Appeal, ECF No. 87-1.) The Respondent also filed a Motion for an Extension of Time to Comply With the Conditional Writ of Habeas Corpus [ECF No. 88], seeking an additional 30 days "to allow the Court of Appeals of Indiana

---

[1]The Petitioner also asked the Court to substitute Ron Neal for Bill Wilson as the Respondent in this case because Ron Neal is now the Superintendent of the Indiana State Prison. The Respondent has no objection to this request. However, pursuant to Federal Rule of Civil Procedure 25(d), a public "officer's successor is automatically substituted as a party." The Respondent in this case is named solely in his official capacity as Superintendent of the Indiana State Prison under Rule 17(d), which provides that "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name . . .." This is consistent with the rule's intent to "encourage the use of the official title without any mention of the officer individually, thereby recognizing the intrinsic character of the action and helping to eliminate concern with the problem of substitution." Rule 25(d)(2) advisory committee's note to 1961 amendment (Rule 25(d)(2) was moved to Rule 17(d) as a part of the 2007 restyling, *see* Rule 17(d) advisory committee's note to 2007 amendment). Therefore, the request to substitute is denied.

reasonable time to consider and rule" on the motion seeking leave to file a new direct appeal. (Resp't's Mot. 2.)

On October 1, 2015, the Petitioner filed a Second Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 89]. In his Second Motion, the Petitioner objects to the Respondent's request for a 30-day extension, and renews his request to "make the writ absolute" and to order the Petitioner's immediate release.

## ANALYSIS

The writ of habeas corpus is an equitable remedy, *Schlup v. Delo*, 513 U.S. 298, 319, (1995), and courts have "broad discretion in conditioning a judgment granting habeas relief." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). This discretion includes the power to issue conditional writs, which "are essentially accommodations accorded to the state . . . provid[ing] the state with a window of time within which it might cure the constitutional error." *Phifer v. Warden*, 53 F.3d 859, 864–65 (7th Cir. 1995). As such, "[a] conditional order's framework contemplates that a district court will eventually make an assessment concerning compliance with its mandate." *Id.* at 865.

In *Gilmore v. Bertrand*, the Seventh Circuit found that, "[l]ogically, the equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." 301 F.3d 581, 583 (7th Cir. 2002) (affirming the district court's order granting a 45-day extension to the state after it failed to comply with a 120-day deadline to reinstate the petitioner's right to a direct appeal); *see also Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir.

4

2008) (holding that "a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed."); *Gibbs v. Frank*, 500 F.3d 202, 208 (3d. Cir. 2007) (finding that a district court has "broad discretion" to modify a conditional writ); *Edwards v. Cauthron*, No. 97-6172, 1997 WL 579182 at *2 (10th Cir. Sept. 18, 1997) (unpublished) (affirming an order granting an extension of time for the state to comply with a conditional writ because a federal court has the "inherent authority . . . to manage its docket[ ]," including the "discretion to grant or deny continuances or extensions of time"); *Chambers v. Armontrout*, 16 F.3d 257, 261 n.2 (8th Cir. 1994) (finding that the district court did not err in granting the state additional time to conduct a re-trial); *Moore v. Zant*, 972 F.2d 318, 321 (11th Cir. 1992) (per curiam) (finding that the district court had the power to grant the state additional time to comply with the terms of a conditional writ).

Similar to the above cases, the Court finds it appropriate to grant the Respondent additional time to comply with the Court's conditional writ of habeas corpus. As the Respondent has argued—and the Court readily acknowledges—the Court's mandate that "[w]ithin 120 days of this Order, the State must either release the Petitioner or grant him leave to file a new direct appeal with the assistance of counsel" (Opinion & Order 13), contains an ambiguity as to whether the Petitioner or the Respondent is responsible for obtaining leave from the state court to file a new direct appeal. According to the Respondent, this ambiguity led to the State's failure to comply with the Court's 120-day deadline. Moreover, in light of the Respondent's timely response to the Petitioner's Motion—namely, the State's filing on September 30, 2015 (or one day after the expiration of the Court's 120-day deadline), of a motion on the Petitioner's behalf with the Court of Appeals of Indiana seeking leave to file a new direct appeal—the Court finds

5

that the Respondent's requested relief is equitable. Accordingly, given the nature and circumstances of this case, the Court grants the Respondent an additional 30 days, up to and including October 29, 2015, to comply with the Court's conditional writ of habeas corpus.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Respondent's Motion for an Extension of Time to Comply With the Conditional Writ of Habeas Corpus [ECF No. 88], and DENIES the Petitioner's Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 86] and Second Verified Motion to Make Writ Absolute and for an Order Granting Immediate Release [ECF No. 89]. Additionally, the Respondent is DIRECTED to file a notice with the Court once compliance with the conditional writ of habeas corpus has been achieved.

SO ORDERED on October 14, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION